Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**FILED**
JAN 11 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

Eastern Division

| | |
|---|---|
| Tamara L. Sobolewski <br> *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br> Ford Motor Company <br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. **1:21 CV 00089** <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* ☒ Yes ☐ No <br><br> **JUDGE CALABRESE** <br><br> **MAG. JUDGE GREENBERG** |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Tamara L. Sobolewski |
   | Street Address | 1002 Dakota Avenue |
   | City and County | Lorain and Lorain |
   | State and Zip Code | Ohio and 44052 |
   | Telephone Number | (440) 452-1982 |
   | E-mail Address | tamso1970@yahoo.com |

**B.**    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
    Name                                    Ford Motor Company
    Job or Title *(if known)*
    Street Address                   One American Way
    City and County                Detroit and Wayne
    State and Zip Code            Michigan and 48126-2701
    Telephone Number
    E-mail Address *(if known)*

Defendant No. 2
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

Defendant No. 3
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

Defendant No. 4
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code

Telephone Number

E-mail Address *(if known)*

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Ohio Assembly Plant |
| Street Address | 650 Miller Road |
| City and County | Avon Lake and Lorain |
| State and Zip Code | Ohio and 44012 |
| Telephone Number | (440) 933-1215 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Other federal law *(specify the federal law)*:
Equal Pay Act

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☒ Failure to promote me.
- ☒ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☒ Other acts *(specify)*: harassment, discipline, unequal pay

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
03/02, 02/25, 02/07(2020); 10/24, 10/15, 08/22, 08/15, 03/06, 03/01, 02/07, 01/31, 01/29, 01/10, 01/09(2019); 11/26, 10/03, 09/27, 04/09(2018); 12/17(2017); 02/04, 03/02, 03/26, 04/14, 11/17(2011)

C. I believe that defendant(s) *(check one)*:
- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- ☐ race
- ☐ color
- ☒ gender/sex
- ☐ religion
- ☐ national origin
- ☒ age *(year of birth)*  9/14/1970  *(only when asserting a claim of age discrimination.)*
- ☒ disability or perceived disability *(specify disability)*
Bipolar/anxiety/depression

E. The facts of my case are as follows. Attach additional pages if needed.

1. I, Tamara Sobolewski, began working for my employer (Ford Motor Company) on October 19, 1992 in Avon Lake, OH.

2. I was terminated on March 2, 2020 that included my Health Benefits and Pension. I had 27.5 years of service when I lost my health benefits during the current pandemic.

3. The reason provided for my termination was an "Act of Threat". The alleged "Act of Threat" was based on a statement that was posted on my personal Social Media (Facebook) account on February 19, 2020.

4. I have a history of mental health issues that are documented in my medical records with my employer for over 20 years. I have been on several approved medical leaves of absences during my tenure with my employer. I have consulted the Employee Support Service Representative on various occasions to assist with my mental health concerns at work. I do not have a violent history or personal characteristics as such. I have never wanted to harm anyone. I have never admitted to anyone that I want to harm anyone. There are many Ford Employees with mental health issues that report to their jobs daily. Just because an employee has mental health issues does not mean they have a desire to harm anyone.

5. My employer provided a position statement that reflect what they "think" and "believe". Many assumptions and speculations were made regarding my intent from the statement posted on Facebook. These statements indicated that I wanted to kill co-workers. I have never wanted to shoot and kill anyone. I have never admitted to anyone that I want to shoot and kill anyone.

6. In June, of 2012 I filed a complaint for sexual harassment with my union rep Brian Maust. Nothing was done. Since this time up until I was terminated, I have experienced numerous acts of harassment and retaliation that include not being paid for many grievances heard, tricked into signing things, extensive fabricated discipline on my record, shortages of pay, extensive time off work without pay, intimidation, screamed and yelled at my job operation and removed off my base jobs that I won by bids and replaced most times by men or new hires.

7. By April 9, 2018 conditions decline and I stood in a good and welfare meeting and spoke in front of 50 or more employees and expressed my concern. This was my way to reach out for help and to inform others what I was experiencing. After that, I was taken into a meeting at work and experienced ongoing scrutiny in my work environment that I consider to have been extremely hostile until my termination.

8. Approximately January 6, 2020, I met with representative Brian Maust regarding a letter he had from our Union Civil Rights Committee. He read the letter to me aloud like a child. The letter indicated that all of my grievances that each unit committee person submitted over some years were closed due alleged to lack of support. I then met with the Local Union Chairman Herb Bennett and Jason Wells who assured me several people are working on my behalf to satisfy the concerns that lack the support of my expressed concerns regarding the Company's contradicting policies.

9. Approximately January 6, 2020, I met with Human Resource Manager Ryan Perniciaro to discuss my issues during the past 2 years of my employment that surround the intentional continuous displacement, our third-party disability insurer W-2 of $10,000 in benefits for 2019 alone that supersedes what I collected from 1992 to 2018 in total. I expressed that I am being targeted and forced to retire like many other Ford hourly workers. This has become a pattern for any employees that file complaints against my employer. Employees are then chosen to become candidates for Social Security Disability that intentionally ends your career and reduces your pension entitlement. I expressed concerns regarding this pattern of behavior by my employer that targets employees like myself, places you in hostile work environments that ultimately reduces the company's liability to fund our pensions. Employee Support Service Rep (ESSP) DeAlmieda sat with me briefly after leaving Perniciaro's office

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

---

and provided a copy of Ford's harassment policy with the contact number.

10.  On February 3, 2020, I filed a complaint with harassment hotline regarding the Company Harassment Policy. On February 7, 2020 I receive an email, all committee member's grievances with their statements were administratively closed, two minor adjustments and the others non-adjusted. On February 12, 2020 Human Resources Perniciaro allegedly began an investigation that should have begun within 24 hours according to the Company Policy. Representative Wells accompanied me during this investigative interview process. On February 19, 2020 approximately six (6) hours after my shift, the Company calls, deactivating my employee ID badge, cancels my appointment for our follow-up investigation findings. He told me that I was suspended until further notice.

11.  On February 25, 2020 I report, as informed, to the guard shed, escorted into Labor Relations with Plant Security and ESSP Rep DeAlmieda. I met Jason Wells in the conference room, and Perniciaro began questioning me, switching up questions very fast that confused me and was very intimidating. This meeting lasted approximately four (4) hours.

12.  On March 2, 2020 I was instructed to report to the Company guard shed where I was verbally terminated by Perniciaro. I have been left with no health insurance to seek medical help and no pay.

---

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

### IV. Exhaustion of Federal Administrative Remedies

A.  It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

02/07/2020

B.  The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)*  10/8/2020  .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.  Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

### V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I request what is the "to be made whole" standard, post-dated to April 14, 2011 to reinstatement date.
a. 40-hour week of compensible hours from February 2014 to June 2014 due to managers and employees working without relief, lunch periods and safety protocols to reduce shift periods which reduced the wage earnings of any weaker and older workers and anyone who refrained from those specific employment practices.
$5,000
[I am not privy to know the actual income of Ty Granakis, Larry Harmych, Bill Holt, and others. $250 per week, perhaps because the deficit impacted payroll deductions for 401K deposits and profit sharing benefits.]
b. two weeks wages, 9/27 to 10/8(2018) which totals 98 hours, not 80 hours, multiplied by three since three people involved in conflict and one must figure out how to resolve it alone.
$7,500
c. After hours and weekend consultation with other females (Liz Torok, Denise Velez, Chris Shaw, Alicia Marzio, Michelle Tiffan, Lawanda King, Myra Wilson] who experiencing similar employment conditions
$10,000
d. one week wages for 01/31 through 02/7(2019) multiplied by two since two people were involved
$2,000
e. Two full shifts of premium wages for January 25 and 26, 2019,
$1,000
f. full general utility occupation wages applied from November 23 through December 21, 2018 when managers failed to provide a MAT form for temporary reassignments plus hardship absences and sent home no work available multiplied by 3, since it spanned 3 full weeks of theft
$4500
g. 120 hours of wages that account for disability claims' elimination week multiplied by 3 for the 3 5-day quit notices requesting me to report or lose my job
$10,800
h. 40 hours of wages to account for absences due to hardship March 6, 2019 when managers reassigned
$1000
i. travel expenses due to schedule changes 1/25 through 3/11(2019) because I shared a vehicle with my son
$500
j. 10/15(2019) 30-day reduced to 2-week suspension financial ramifications
$7000 401k loan
$2500 income loss
k. Wages 08/22 to 09/04(2019) when work conditions deteriorated, waiting on medical treatement.
$2,000
l. all copays, medical and travel expenses paid out of pocket to seek treatement from nerve damage, TMJ pain, and to include all therapist, chiropractic, and psychiatry treatments.
$3,000
m. Reimbusement of payroll deductions that total the length of disability claims which include optional life insurance, 401K contributions.
$10,000
n. The loss 2012 relocation, reducing my rate to include promotional opportunity from that Occupational Group.
$150,000 (10 year period)
o.
$25,000 per Disciplinary action report 2/4, 3/2, 3/26, 4/14, 11/17(2011) , 10/3(2018), 1/25, 1/31, 2/7, 10/15 (2019), 3/2(2020)
$25,000 per pre-disciplinary action report suspension 11/17/2011, 9/27/2018, 2/19/2020
$25,000 per Personal Employee Statement April 2018, September 27, 2018 and February 25, 2020
$25,000 per Union grievance with Tamara Sobolewsk's name (14 total)

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1/16/2021

Signature of Plaintiff: *Tamara J Sobolewski*
Printed Name of Plaintiff: Tamara Sobolewski

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address