IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAMARA L. SOBOLEWSKI, | ) | Case No. 1:21-cv-00089 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

This matter is before the undersigned pursuant to Local Rule 72.1. Pending before the Court is *pro se* Plaintiff Tamara Sobolewski's Motion for Default Judgment (Doc. 11) and Defendant Ford Motor Company's Motion to Dismiss under Fed.R.Civ.P. 12(b)(5) for Insufficient Service of Process and under Rule 4(m) for Failure to Effect Timely Service. Doc. 12. For the reasons explained below, the undersigned recommends that the Court deny Sobolewski's motion for default judgment, deny Defendant's motion to dismiss as moot, and dismiss this action, without prejudice, for failure to prosecute.

## I. Background

On January 11, 2021, Sobolewski filed this fee paid civil rights action pursuant to the Americans with Disabilities Act against Defendant Ford Motor Company ("Defendant" or "Ford"). Doc. No. 1. On January 13, 2021, the original summons was issued to Sobolewski for service upon Ford. Doc. No. 2. There is no indication on the docket that Sobolewski executed service upon Ford.

On September 2, 2021, the Court issued an Order directing Sobolewski to serve Ford on or by October 4, 2021.  Doc. No. 5.  The Court explained that, pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant within 90 days of filing the complaint and that, in this case, more than 90 days had passed since Sobolewski had filed her complaint and she had not served Ford.  Doc. No. 5.  The Court warned, "The failure to comply with this Order may result in the dismissal of Plaintiff's complaint for failure to prosecute."  Doc. No. 5, p. 2.

On September 17, 2021, Sobolewski filed a motion to amend her complaint.  Doc. No. 8. In her motion, she requested an unspecified amount of time to amend her complaint and sought relief from the Court's Order directing her to serve Defendant by October 4.  Doc. No. 8, p. 2. She explained that she needed more time to review the facts in her case and to follow up with additional EEOC charges that she had filed.  Doc. No. 8, p. 2.  The Court denied her motion to amend without prejudice as untimely and gave her a limited extension of time to serve Defendant, until October 15, 2021.  Doc. No. 9, p. 2.

On October 15, 2021, Sobolewski filed a "Return of Service by personal service (by Franklin County Sheriff's Office) executed upon Ford Motor Company."  Doc. No. 10.  The return of service filed by Sobolewski shows that she attempted to serve Ford *via* "Residential Service," "C/O Ryan Cates" at 200 Civic Center Dr., Suite 1200, Columbus Ohio.  No server's affidavit was filed as required by Rule 4(l)(1).  Defendant did not file a responsive pleading.

On November 26, 2021, Sobolewski filed a Motion for Default Judgment.  Doc. No. 11. She stated that she served Defendant on October 5, 2021 and that Defendant had not filed a responsive pleading and the time to do so had passed.  Doc. No. 11-1, pp. 1-2, ¶¶3, 4.  In her certificate of service she stated that she had mailed her motion for default judgment to Ford "c/o Ryan Cates, Attorney for Ford Motor Co." in Columbus, Ohio.  Doc. No. 11, p. 2.

On December 10, 2021, Ford filed a Motion to Dismiss under Rule 12(b)(5) for Insufficient Service of Process and under Rule 4(m) for Failure to Effect Timely Service (Doc. No. 12) and an opposition to Sobolewski's Motion for Default Judgment (Doc. No. 13).[1]  In its motion, Ford explained that Sobolewski cannot show that Cates, an attorney, is an officer of Ford or an agent authorized by appointment or law to receive service of process on behalf of Ford or that the Columbus, Ohio address Sobolewski attempted to serve, which was Cates's law office, is Ford's address.  Doc. No. 12-1, p. 3, n.2.

On December 13, 2021, the undersigned issued a Report and Recommendation ("R&R") recommending dismissal for Sobolewski's failure to serve Ford because her October service attempt was improper.  Doc. No. 14.  The undersigned vacated that R&R the next day to give Sobolewski an opportunity to respond to Defendant's motion to dismiss and ordered her to respond by January 12, 2022.  See *Order Vacating*, filed 12/14/2021.

Sobolewski did not file a response to Ford's Motion to Dismiss.  She did not file a reply brief in support of her Motion for Default Judgment.

On December 20, 2021, Sobolewski sent the Clerk's Office an Alias Summons for service upon Ford "c/o James D. Farley, Jr. President and CEO" to an address that appears to be the Ford plant in Avon Lake, Ohio, where Sobolewski worked.  Doc. No. 15; Doc. No. 1-3, p. 2. The Clerk's Office sent the summons and complaint *via* certified mail to the addressee the same day.  See *Service by Clerk*, filed 12/20/21.  That is the last entry on the docket; almost two months have gone by and there has been no further activity.  Sobolewski has not filed a notice stating that service was successful.  She has not filed a motion for default judgment due to Ford's

---

[1] In its filings, Ford states that it is appearing in this case only for the limited purpose of challenging service of process and does not consent to the jurisdiction of the Court or waive its personal jurisdiction defense. Doc. No. 12, p. 1, n.1; Doc. No. 13, p. 1, n. 1.

failure to respond, in the event service was successful.  She has not requested that service reissue in the event that service was unsuccessful.  Thus, even if the Court was inclined to accept her late attempt at service, the Court is unable to tell whether her December 20 service was successful, and, again, this case has stalled due to Sobolewski's neglect.

As described below, Sobolewski's first attempted service in October was not proper, and her second attempted service in December was too late and she has not shown that it was successful.  Because she has not followed Court orders and has failed to prosecute her case, the undersigned recommends that the Court dismiss this case, without prejudice.

## II. Sobolewski's October 2021 service was not proper

Fed.R.Civ.P. 4(h)(1) provides that a corporation, absent a waiver, shall be served in a judicial district of the United States in one of two ways: first, by delivering the summons and a copy of the complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on behalf of the corporation.  Rule 4(h)(1)(B).  Or a corporation may be served following the law of the state in which the federal district court is located or the state where service is made.  Rule 4(h)(1)(A) (citing Fed.R.Civ.P. 4(e)(1)).  In Ohio, service is made upon a corporation "by serving the agent authorized by appointment or by law to receive service of process," "by serving the corporation at any of its usual places of business," or "by serving an officer or a managing or general agent of the corporation."  Ohio Civ. R. 4.2(F).

A corporation's attorney is not an agent for that corporation unless the corporation has authorized the attorney to be its agent.  *See, e.g., Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 929-931 (E.D. Tenn. 2002); *Austin v. White Castle Sys., Inc.*, 2013 WL 6095880, at *3, 2013-Ohio-5107, ¶ 11 (Ohio Ct. App. Nov. 19, 2013).  Sobolewski has not provided any

4

indication that Ford has authorized Cates to be its agent or that such authorization may be implied.[2]  She did not file a brief in response to Ford's motion to dismiss in which it identified the deficiencies in her service.  Thus, Sobolewski's attempt to serve Ford on October 5, 2021, was not proper.  *See Arthur*, 249 F.Supp.2d at 930 (rejecting the plaintiffs' assertion that they properly served an attorney who had represented the defendant in matters relating to the underlying facts of the litigation; under federal law, authorization may be implied in fact, "However, the mere attorney-client relationship between a defendant and his attorney does not, in itself, convey the specific authority necessary for the attorney to receive service of process on the defendant's behalf."); *Austin*, 2013 WL 6095880, at *2-3 (under Ohio law, a corporation's attorney was not an authorized agent for purposes of service of process even when the attorney had represented the corporation in a lawsuit the plaintiff had previously filed against the corporation and told the plaintiff that the attorney had the authority to act as agent for the corporation in that prior suit).

### III. Sobolewski's December 2021 attempted service was made beyond the time limit set by the Court and she has not shown that service was proper

After Ford filed its motion to dismiss, Sobolewski attempted service upon Ford again. On December 20, 2021, the Clerk issued Alias Summons and the Complaint addressed to Ford Motor Company *via* certified, U.S. Mail to "c/o James D. Farley, Jr. President and CEO," 650 Miller Road, Avon Lake, Ohio, 44012, the Ford plant where Sobolewski worked.[3]  Doc. 15; *Service by Clerk*, 12/20/21.  Since then, there has been no activity on the docket.

---

[2] Sobolewski filed a "Report of Parties' Planning Meeting" in which she references a meeting held on an undisclosed date between her union representative and an attorney for Ford; the attorney's name she lists is not Ryan Cates.  Doc. No. 11-2.  Neither does she reference Cates in her complaint or in materials she submitted with her complaint or other filings on the docket.

[3] Sobolewski's EEOC charge was filed against the Ford Assembly Plant at 650 Miller Road, Avon Lake Ohio, 44012.  Doc. 1-3, p. 2.

First, Sobolewski's attempted service on December 20 was more than sixty days after the October 15 deadline set by the Court. And that October 15 date was the second time the Court had extended her deadline. Sobolewski's service attempt on December 20, sixty days after the Court's deadline and almost one year after she filed her complaint, is too late.

Second, Sobolewski has not filed a notice stating that service was successful. She has not filed a motion for default judgment due to Ford's failure to respond, in the event service was successful. She has not requested that service reissue in the event that service was unsuccessful. In short, she has been, and remains, inattentive to her duty to serve the defendant in this case.

**IV. The Court should dismiss this case for Sobolewski's failure to prosecute**

Pursuant to Fed. R. Civ. P. 41(b), a court has the inherent authority to dismiss a plaintiff's lawsuit for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute pursuant to Rule 41(b), as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962)). "This measure is available to the district court as a tool to effect 'management of its docket[.]'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted). A court considers four factors when determining whether to dismiss an action under Rule 41(b) for failure to prosecute or comply with court orders:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363). The factors are applied "more stringently" when a party's attorney is responsible for the conduct and, while no one factor is outcome dispositive, "a case is properly dismissed by

6

the district court where there is a clear record of delay or contumacious conduct." *Id*. (quoting *Harmon v. CSX Transp., Inc*., 110 F.3d 364, 367 (6th Cir.1997), and *Knoll*, 176 F.3d at 363).

Considering the above four factors, the undersigned finds that Sobolewski's failure is due to willfulness. She has had almost a year to serve Ford and did not execute service, despite the Court ordering her, twice, to do it. She has not shown that her recent, late attempt to serve Ford was successful; she has not followed up in the event that it was and she has not requested that service reissue in the event that it was not. Moreover, she has not filed a brief in response to Ford's motion to dismiss. The undersigned acknowledges that she is proceeding *pro se*, but "[t]he generous latitude afforded to *pro se* litigants by the courts with respect to their pleadings does not extend to readily understood orders and deadlines." *Profit v. Ohio*, No. 1:19CV384, 2019 WL 4141662, at *2 (N.D. Ohio Aug. 30, 2019) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

Next, Sobolewski has been warned that her failure to cooperate could lead to dismissal. *See Stough v. Mayville Cmty. Sch*., 138 F.3d 612, 615 (6th Cir. 1998) (prior notice to a plaintiff that her case may be dismissed is "a key consideration" when determining whether dismissal under Rule 41(b) is appropriate). Less drastic sanctions are not warranted because this lawsuit cannot get off the ground unless service upon Ford is made and it is Sobolewski's duty to perform that service. The Court has prompted her and warned her and prompted her again, to no avail. Finally, although it cannot be said at this time that Ford has been prejudiced by Sobolewski's conduct, the remaining factor, the undersigned finds that, all told, there is a clear record of delay or "contumacious conduct" and that the factors weigh in favor of dismissal.

## V. Conclusion

For all the reasons explained above, the undersigned recommends that the Court DENY

Sobolewski's Motion for Default Judgment (Doc. No. 11); DENY Ford's Motion to Dismiss

(Doc. No. 12) as moot;[4] and DISMISS this case, without prejudice, for Sobolewski's failure to

prosecute.


Date:   February 15, 2022                          *s/ Jonathan Greenberg*
                                                   Jonathan D. Greenberg
                                                   United States Magistrate Judge



## **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Court
within fourteen (14) days after the party objecting has been served with a copy of this
Report and Recommendation. 28 U.S.C. § 636(b)(1).  Failure to file objections within the
specified time may forfeit the right to appeal the District Court's order.  *See Berkshire v.
Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019).**

---

[4] The undersigned recommends denying Ford's Motion to Dismiss as moot because, in recommending dismissal, the undersigned relies upon facts that developed after Ford filed its motion.