UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAMARA L. SOBOLEWSKI, | ) | Case No. 1:21-cv-0089 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

In his Report and Recommendation, the Magistrate Judge recommends that the Court dismiss Plaintiff Tamara Sobolewski's *pro se* complaint brought under the American with Disabilities Act for failure to prosecute. (ECF No. 16.) By way of background, Plaintiff filed her complaint on January 22, 2021 but failed properly to serve Defendant Ford Motor company. On September 2, 2021, the Magistrate Judge directed Plaintiff to serve Ford by October 4, 2021. (ECF No. 5.) Not until October 15, 2021 did she file a "Return of Service by personal service (by Franklin County Sheriff's Office) executed upon Ford Motor Company." (ECF No. 10.) But she provided no proof that service was successful. On November 26, 2021, Plaintiff moved for a default judgment (ECF No. 11), and on December 10, 2021, Ford moved to dismiss for insufficient service of process (ECF No. 12). Though Ford opposed the entry of a default judgment, Plaintiff did not oppose Ford's motion to dismiss.

On December 20, 2021, Ms. Sobolewski sent the Clerk's Office an alias summons for service on Ford "c/o James D. Farley, Jr. President and CEO" to an

address that appears to be the Ford plant in Avon Lake, Ohio, where Sobolewski worked. (ECF No. 15.) The Clerk's Office sent the summons and complaint via certified mail to the addressee the same day. (*See* Service by Clerk, filed 12/20/21.) But Plaintiff has not notified the Court whether her third attempt at service was successful.

Ultimately, the Magistrate Judge recommends that the Court deny both the motion for default judgment and the motion to dismiss, but dismiss without prejudice for failure to prosecute. (ECF No. 16, PageID #136–38.) Further, the Report and Recommendation states that any objections were due fourteen days after service and advised Plaintiff that failure to timely object forfeits the right to appeal the Court's order. (*Id.*, PageID #288.) The Report and Recommendation was filed on the docket on February 15, 2022 and mailed to Plaintiff the same day. The parties have not objected to the Magistrate Judge's Report and Recommendation.

Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

Recently, the Sixth Circuit clarified this rule: failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different than forfeiture." *United States v. Olando*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the Report and Recommendation has passed. The parties neither objected, nor provided some legitimate reason why they failed to do so. Further, upon the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's Report and Recommendation. Therefore, the Court **ADOPTS** the Report and Recommendation (ECF No. 12) and **DENIES** Plaintiff's motion for default judgement and Defendant's motion to dismiss and **DISMISSES** the action **WITHOUT PREJUDICE** for failure to prosecute. The Court further **DIRECTS** the Clerk to enter judgment accordingly.

**SO ORDERED**.

Dated: April 15, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio

4